111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Max FANNING, Defendant-Appellant.
 No. 96-35610.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided April 7, 1997.
 
 Before: WALLACE, BOOCHEVER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former federal prisoner Donald Max Fanning appeals the denial of his 28 U.S.C. § 2255 petition challenging his sentence for theft of government property, fraudulent use of an access device, and fraudulent use of a computer. Fanning contends that he received ineffective assistance of counsel because his lawyer failed to appeal certain aspects of his sentence.
 
 
 3
 Fanning expressly waived his right to appeal the sentence he received; thus we do not reach Fanning's claims concerning the district court's application of the sentencing guidelines. Further, the only exceptions to Fanning's knowing and voluntary waiver--an extra-Guidelines or illegal sentence--did not occur here. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Thus, the waiver is valid and we do not address these claims.
 
 
 4
 Nonetheless, Fanning does claim error in his supervised release and restitution, to which his waiver does not apply. See United States v. Zink, No. 95-50534, slip op. 1597, 1602 (9th Cir.1997) (strictly construing similar waiver as not covering restitution). We therefore turn to the merits of Fanning's restitution and supervised release claims, which contend that his counsel was ineffective for failing to appeal. But Fanning specifically agreed in his plea agreement to the amount of restitution subsequently ordered by the district court, and he acknowledged in his Rule 11 colloquy his awareness of the amount of restitution due. Such "clear acquiescence" in the restitution amount precluded any meaningful appeal of the restitution order. See Zink, slip op. at 1606. Counsel was not ineffective for failing to pursue a meritless appeal.
 
 
 5
 Fanning also cannot succeed on his claim concerning the conditions of supervised release. The occupational restriction that the district court imposed was "reasonably necessary to protect the public" and "for the minimum time and to the minimum extent necessary to protect the public." U.S.S.G. § 5F1.5. The district court, in clarifying the restriction, indicated that "[s]o long as Fanning has neither access to a modem nor access to the Internet, the Court has no objection to Fanning being around computers or working with computers under supervision." Though the parties now dispute the binding force of this clarification, we construe the district court's decision on June 10, 1996, to grant Fanning's request for clarification as modifying the conditions of supervised release to incorporate the above clarifying language. Fanning thus obtained the less stringent restrictions he sought, and his counsel was not deficient for failing to appeal the perfectly appropriate conditions of his supervised release.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3